# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

YOLANDA P. ROACH,
   Appellant,

  v.

DEPARTMENT OF JUSTICE,
   Agency.

DOCKET NUMBER
DA-3330-15-0610-I-1

DATE: November 17, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stanley R. Smith, Killeen, Texas, for the appellant.

Jennifer Merkle, Esquire, Grand Prairie, Texas, for the agency.

John T. LeMaster, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which denied her request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant is a preference-eligible veteran currently employed with the agency as a GS-10 Safety and Occupational Health Specialist. Initial Appeal File (IAF), Tab 1 at 1, Tab 6 at 4, Tab 21 at 24. In March 2015, the agency announced a vacancy for the Safety and Occupational Health Manager (Environmental and Safety Compliance Administrator) position, GS-0018-12/13. IAF, Tab 10 at 49. The announcement was open to Federal Government employees nationwide and certain others, including "[p]reference eligibles or veterans who have been separated from the armed forces under honorable conditions after three years or more of active service." *Id*. The appellant applied for the vacancy and was later notified that her application was reviewed but not referred to the selecting official because she exceeded the age requirement for Federal law enforcement employment. IAF, Tab 2 at 7, Tab 10 at 34‑47.

¶3 After learning that she was not selected, the appellant filed a VEOA complaint with the Department of Labor (DOL) alleging that she was denied her right to compete for the position under 5 U.S.C. § 3304(f). IAF, Tab 2 at 8-11. During the investigation, the agency informed DOL that, in the final steps of

processing the appellant's application, it discovered that the appellant's application status was inadvertently changed to ineligible based on age restrictions for Federal law enforcement employment. IAF, Tab 7 at 57. The agency claimed that the change was incorrect and that the appellant was ineligible for consideration because she did not meet a time-in-grade requirement (52 weeks at a GS-11 position) for promotion to the GS-12 position. *Id.* On September 11, 2015, DOL informed the appellant of the agency's error and that her case was officially closed. IAF, Tab 2 at 12.

¶4 On September 17, 2015, the appellant filed the instant VEOA appeal with the Board alleging a violation of her right to compete. IAF, Tabs 1-2. After filing her appeal, the agency informed her that the reason she was not selected for the position was her failure to meet the time-in-grade requirement. IAF, Tab 10 at 15.

¶5 After conducting a hearing, the administrative judge denied the appellant's request for corrective action under VEOA. IAF, Tab 42, Initial Decision (ID) at 11. She found that the appellant failed to meet the time-in-grade requirement and that the agency's having eliminated the appellant from consideration on those grounds was not an action that denied the appellant her right to compete. ID at 10. She also found that the initial notification erroneously referenced the age requirement due to an administrative coding error that did not deny the appellant an opportunity to compete, as the agency's initial determination was that the appellant was ineligible due to the time-in-grade requirement. *Id.* The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed an opposition to the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 The appellant argues on petition for review that the initial decision contains an erroneous interpretation of law regarding the administrative judge's application of 5 U.S.C. § 3304(f)(1) and an erroneous finding of fact regarding

her eligibility for the vacancy.  PFR File, Tab 1 at 4.  She also argues that the agency engaged in a prohibited personnel practice.  *Id*.[2]

¶7        The appellant argues on review that the administrative judge erred in her interpretation of 5 U.S.C. § 3304(f)(1).  *Id*. at 4, 11-12.  That section provides that:

> [p]reference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures.

5 U.S.C. § 3304(f)(1).  The appellant asserts she was denied this right to compete because the agency erroneously determined that she failed to meet the age requirement for Federal law enforcement employment.  PFR File, Tab 1 at 11-12.

¶8        We agree with the administrative judge's finding that the appellant was afforded an opportunity to compete.  As explained in the initial decision, record evidence demonstrated that the agency's initial determination was that the appellant did not meet the time-in-grade eligibility requirement, but that a specialist incorrectly coded the reason for finding her ineligible, which resulted in the appellant receiving the notice regarding the age requirement.  ID at 8, 10; IAF, Tab 10 at 15; Hearing Compact Disc (HCD) (testimony of M.M.).  The appellant does not argue to the contrary on review.  In making that eligibility determination, the agency did not violate the appellant's veterans' preference rights.  *See Ramsey v. Office of Personnel Management*, 87 M.S.P.R. 98, ¶ 9 (2000) (holding that VEOA does not exempt veterans from the eligibility criteria such as time-in-grade restrictions that would be applied to all candidates).  The

---

[2] In her petition for review, the appellant also argues that the initial decision is based on an erroneous interpretation of 5 U.S.C. § 2108(3).  PFR File, Tab 1 at 4.  It is unclear what the appellant's challenge is to the administrative judge's interpretation of 5 U.S.C. § 2108(3).  That section defines "preference eligible" and there was no dispute before the administrative judge, nor is there any dispute on review, that the appellant was entitled to veterans' preference rights.

agency then eliminated the appellant from further consideration based on her ineligibility. HCD (testimony of M.M.). The Board has held that an agency does not violate an individual's veterans' preference rights by eliminating her from consideration because she is unqualified. *Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 11 (2010).

¶9        Further, by virtue of the appellant's application being accepted, processed, and reviewed thoroughly enough by the agency for it to ultimately determine that she was ineligible for the position, we agree with the administrative judge's finding that the appellant was afforded her opportunity to compete. The erroneous notification informing the appellant that she was deemed ineligible due to her age has no bearing on the agency's initial determination that the appellant lacked the required time-in-grade, and thus, did not interfere with the appellant's opportunity to compete. Accordingly, we find no basis to disturb the initial decision in this regard.[3]

¶10       The appellant also argues on review that the administrative judge erred in finding that she lacked the 52 weeks of service at the GS-11 level required to meet the eligibility requirement. PFR File, Tab 1 at 5, 12-13; *see* ID at 10.

¶11       The vacancy announcement set forth the time-in-grade requirement, which must be met unless otherwise excluded by regulation. IAF, Tab 10 at 51; *see* 5 C.F.R. § 300.604. Specifically, 5 C.F.R. § 300.604(a) requires that candidates for advancement to a position at GS-12 and above, such as the position at issue here, must have completed a minimum of 52 weeks in positions no more than one

---

[3] The appellant also argues on review that the data-coding error and subsequent erroneous notification constituted harmful error. PFR File, Tab 1 at 9-12; *see* 5 U.S.C. § 7701(c)(2). The Board has jurisdiction over a harmful error claim in a VEOA appeal only when such claim is directly related to the appellant's veterans' preference. *See Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 18 (2006) (finding that an administrative judge erred when she decided a harmful error claim that was unrelated to the appellant's veterans' preference). Here, the data-coding error is unrelated to the appellant's veterans' preference. Accordingly, we find that the Board lacks jurisdiction to review the appellant's harmful error claim.

grade lower (or the equivalent) than the position to be filled. The administrative judge found that the appellant lacked the required 52 weeks because she only served in a GS-11 position for 3 months from February 8 to May 31, 2015. ID at 10.

¶12     On review, the appellant challenges the administrative judge's finding by claiming that she performed the duties of a GS-13 when she occasionally assumed the role of acting manager. PFR File, Tab 1 at 5. The appellant asserts that this experience, in addition to the 3 months during which she formally served in a GS-11 position, shows that she had acquired at least 52 weeks of experience at the required level. *Id.* at 5, 12‑13.

¶13     We agree with the administrative judge's finding that the appellant lacked the sufficient time-in-grade. The appellant's time working as an acting manager at the GS-13 level cannot be credited for purposes of the time-in-grade requirement. *See* 5 C.F.R.§ 300.605(a) (stating that service while on detail is credited at the grade of the employee's position of record, not the grade of the position to which detailed). The initial decision contains a thorough discussion of the hearing testimony and other record evidence, which forms the basis for the administrative judge's finding that the appellant lacked the required 52 weeks at a GS-11 level. ID at 6-10. Thus, the record reflects that the administrative judge considered the evidence, drew appropriate inferences, and made reasoned conclusions. *Id.* We find no reason to disturb the administrative judge's findings in this regard. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶14     The appellant also argues on review that the agency engaged in a prohibited personnel practice. PFR File, Tab 1 at 4. However, because this appeal derives its jurisdiction from VEOA, the Board does not have jurisdiction to review the

appellant's prohibited personnel practice claim.  *See Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 11 (2005) (stating that the Board cannot obtain jurisdiction over the appellant's prohibited personnel practice claim through VEOA).

¶15    Accordingly, we affirm the administrative judge's initial decision denying the appellant's request for corrective action.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.    Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.